[No. 32053.    Department Two.    October 9, 1952.]

JESS RAY SIMPSON, *Appellant*, v. GORDON HUTCHINGS *et al.*, *Respondents*.[1]

*Leslie Cooper,* for appellant.

*Thomas G. McCrea,* for respondent Hutchings.

*Bassett & Geisness,* for respondent Hutchings Motors, Inc.

FINLEY, J.—This action was commenced by appellant Simpson to recover from respondent Hutchings $22,287 alleged to be due pursuant to a contract whereby respondent Hutchings was purchasing from appellant Simpson one half of the capital stock of the J. R. Simpson Motor Company, Inc.

[1]Reported in 248 P. (2d) 572.

Respondent Hutchings admitted the contract but alleged that appellant Simpson had subsequently orally agreed with him to sell the remaining one half of the capital stock of the aforementioned company to the Simpson-Hutchings Motor Company, the latter transaction to include the assignment, transfer or cancellation of the debt arising out of the first contract.

Respondent Hutchings further alleged that the assignment of the debt was omitted from the written contract through mutual mistake, and he asked that the contract be reformed to express the intent of the parties.

Appellant Simpson replied that subsequent to the execution of the first contract he had entered into a second written contract with the Simpson-Hutchings Motor Company for the sale of the remaining one half of the stock, and that this contract did not include the assignment, transfer or cancellation of the $22,287 indebtedness.

The case was tried to the court sitting without a jury. Findings of fact were entered, from which the court concluded that:

"The defendants and intervenor are entitled to have the agreement dated August 12, 1949, reformed so as to effectuate the intentions of the parties to said instrument, namely, that paragraph numbered '1' of said agreement should be reformed so as to read as follows:

" '1. The seller agrees to sell, transfer and assign, and purchaser agrees to purchase the following described personal property, to-wit:

" '(a) 448 shares of stock of Simpson-Hutchings Motor Co., a corporation, said stock being owned by seller; and

" '(b) all of seller's right, title and interest in and to that certain contract dated June 1, 1943, whereby the seller previously sold to Gordon H. Hutchings 225 shares of stock of the Simpson Motor Company, Inc.' "

The decree reformed the contract accordingly, and dismissed the action. This appeal followed.

The errors assigned by appellant are the following:

"1. In holding that a unilateral mistake in reducing a contract to writing is sufficient grounds for reformation of

contract in absence of allegation of fraud or inequitable conduct.

"2. In holding communications to one's attorney, who is or subsequently acts as the attorney for another party, made in the absence of the other party, were not privileged communications in an action between the two.

"3. In admitting Respondent's Exhibits 5 and 10, self-serving written declarations."

(1) The first claim of error is that the court granted reformation on the sole ground of unilateral mistake in reducing the contract to writing.

From the assignment itself, it is somewhat difficult to determine whether appellant is asserting error in (a) the conclusion of the court based on the alleged findings of unilateral mistake, or (b) upon the alleged finding of unilateral mistake itself. In either case there is no merit in the assignment because the court neither held nor found that there was a unilateral mistake. On the contrary, it expressly found that there had been a mutual mistake. No error is assigned to this finding, nor to the conclusions based upon it.

(2) Under the second assignment of error, appellant claims that certain communications between him and the attorney who drew up the August 12, 1949, agreement were privileged as communications between attorney and client, and that their admission by the trial court was error.

Appellant has made no assignments of error directed to the findings of the trial court. It is well established that, where no error is pointed out in respect to the findings, we cannot review the evidence upon which they were based. Rule on Appeal 43, 34A Wn. (2d) 47, as amended; *In re Boundy's Estate,* 40 Wn. (2d) 203, 242 P. (2d) 165; *J. A. Wiley Co. v. Riggle,* 40 Wn. (2d) 339, 243 P. (2d) 493. Under this rule, there is no distinction between appeals in law cases and equity cases, since Superior Court Rule 17, 34A Wn. (2d) 118, requires that findings of fact be made in all cases tried by the court without a jury.

An offshoot of this rule is a rule applicable here; that is, where a case has been tried to the court, in the ab-

sence of errors assigned to the court's findings of fact as required by Rule on Appeal 43, *supra*, this court will not review errors claimed in the *admission* of evidence.

In *Kitsap County Bank v. United States Fidelity & Guaranty Co.*, 90 Wash. 12, 18, 155 Pac. 411, we said:

"All evidence *admitted*, whether properly or improperly, is merged in the court's findings. Exceptions to the admission of evidence cannot cure the failure to except to the findings based thereon. Obviously the failure to except to the findings waives the exception to the admission of evidence."

In the above-cited case, because of the failure of appellant to follow a rule regarding exceptions to the findings, the findings were not before the court for review. In the instant case, because of the failure properly to assign error to the findings, they similarly are not before us. It is our feeling that the basic rule of the *Kitsap* case, *supra*, is strongly applicable by analogy in the instant case. That is, where the findings are not before the court—and, consequently, they are taken as verities—we cannot review alleged error in the admission of evidence upon which such findings were based.

Appellant's assignment of error No. 2, directed to the admission of certain testimony, will therefore not be considered.

(3) By assignment No. 3, appellant claims that the court erred in admitting respondent's exhibits Nos. 5 and 10. Since this assignment also relates to the *admission* of evidence, it will not be considered for the reasons stated above with reference to assignment No. 2.

The findings support the judgment and decree of reformation entered herein, and the trial court is in all respects affirmed.

SCHWELLENBACH, C. J., HILL, HAMLEY, and OLSON, JJ., concur.

---

December 4, 1952. Petition for rehearing denied.