[No. 33065. Department Two. April 28, 1955.]

MABEL CHENEY BROWNING, *Respondent,* v. QUENTIN VICTOR BROWNING, *Appellant.*[1]

*Geo. H. Crandell,* for appellant.

*Gates, Montgomery & Onstad,* for respondent.

[1]Reported in 283 P. (2d) 125.

ROSELLINI, J.—Respondent instituted this action for divorce on September 22, 1953. Her complaint contained allegations that the parties were married on April 2, 1952, at Seattle; that certain properties which she itemized were acquired by her before the marriage; that there was no issue of the marriage; and that the appellant had been guilty of physical cruelty toward her. Appellant cross-complained, asking a divorce on grounds of mental cruelty. In so far as they are material to this appeal, his allegations were that the parties first began to live together in 1943 and agreed at that time to pool their earnings; that they were married in 1946; that in 1950 respondent went to Nevada and, while still a bona fide resident of Washington, obtained a Nevada divorce; that the parties were reconciled in September, 1951, and remarried April 2, 1952; and that they had pooled their earnings since 1943 and invested them in properties taken in the name of respondent.

The court found, among other things, that the parties were married in 1952; that prior to their marriage the respondent had acquired the property listed in her complaint; and that the appellant had failed to substantiate the allegations contained in his cross-complaint. The divorce and all of the property except the appellant's jewelry and other personal effects were awarded to respondent.

This appeal is based upon four assignments of error, which we set forth verbatim:

"1. The court erred in refusing to hold the Nevada decree of divorce obtained by the respondent, null and void.

"2. The court erred in holding that the parties were married on the 2nd day of April, 1952, there by inference holding that the Nevada decree was valid.

"3. The court erred in refusing to divide the property accumulated by the parties since April, 1943.

"4. The court erred in failing and refusing to divide the property of the parties between the parties and in leaving the parties where he found them."

Reference to Rule on Appeal 43, 34A Wn. (2d) 47, as amended, effective January 2, 1953, will reveal that none of these assignments is sufficient to attack the court's findings. Further, we have held that an error assigned to a "holding"

will be treated as an objection to conclusions of law rather than to findings of fact. *Becwar v. Bear,* 41 Wn. (2d) 37, 246 P. (2d) 1110 (1952). The court's findings, therefore, have become the established facts of the case. *VanderMeer v. Belk,* 45 Wn. (2d) 408, 275 P. (2d) 436 (1954); *Simpson v. Hutchings,* 41 Wn. (2d) 287, 248 P. (2d) 572 (1952).

While it may be argued that the finding that the parties were married in 1952 is, in fact, a conclusion of law, due to the implied holding that the Nevada decree was valid, it is supported by the trial court's finding that the appellant failed to substantiate the allegations of his cross-complaint. One of these allegations was that the respondent was a resident of the state of Washington at the time the Nevada divorce was obtained; and it is upon this alleged fact that appellant bases his argument that the Nevada divorce decree was invalid.

While we are bound by the court's finding that the major portion of the property was acquired by respondent before the marriage, we have examined the record and find no showing that appellant contributed in any way to the acquisition of this property. During the ten-year period involved in this suit, appellant was twice confined and spent a total of approximately four years in the Federal penitentiary. When not in the penitentiary, he was engaged in the business of peddling narcotics, as was respondent, who also served a fourteen months' sentence. Respondent's chief occupation, however, appears to have been the management and operation of houses of prostitution.

No evidence was offered as to the disposition of the proceeds from the sale of narcotics. While two checks representing appellant's golf-gambling winnings were endorsed by respondent, she testified that she merely cashed them for appellant and did not use the proceeds herself. The checks, dated in 1953, totaled only one thousand one hundred seventy-five dollars, whereas the property was valued in excess of thirty-five thousand dollars and was acquired prior to 1953.

The properties were all acquired in the name of respondent. Had the court concluded that the Nevada divorce was

void, there was substantial evidence to justify a finding that the property, even though acquired during the existence of the community, was purchased with funds derived from respondent's independent enterprises. The court's memorandum opinion indicates that the question of the validity of the Nevada divorce decree was considered immaterial, as in fact it was, and that the court had in mind all of the activities of the parties during the ten years of their association. The Nevada decree, in fact, makes no mention of the property of the parties and does not purport to dispose of it.

There being no error assigned to any finding of fact, our inquiry is limited to whether the findings support the conclusions of law. *Becwar v. Bear, supra.*

Appellant does not contest the awarding of the decree to respondent, but insists that the court did not dispose of the property in accordance with the requirements of the statute; in other words, that it abused or failed to exercise its discretion.

RCW 26.08.110 provides, *inter alia,* that the court shall make such disposition of the property of the parties, both community and separate, as shall appear just and equitable, having regard to the respective merits of the parties, to the condition in which they will be left by such divorce or annulment, and to the party through whom the property was acquired. Before the divorce act of 1949, these provisions were contained in Rem. Rev. Stat., § 989. They have been interpreted many times, and we have consistently held that, under the statute, the trial court has wide latitude and discretionary powers in the disposition of the property of the parties, whether community or separate. Only a manifest abuse of that discretion justifies this court in substituting its judgment for that of the trial court. *Bodine v. Bodine,* 34 Wn. (2d) 33, 207 P. (2d) 1213 (1949), and cases cited therein.

According to the findings, all of the property was acquired by respondent before her marriage to appellant except appellant's jewelry and other personal effects, which were awarded to him, and one small residence property on which both parties had made payments. Appellant beat and bruised respondent without cause, as a result of which she was under

a doctor's care for a considerable time. Respondent had operated houses of prostitution in this and other states for many years and had given the appellant substantial sums of money. Both parties engaged in unlawful transactions, and appellant was not engaged in any lawful work during the period he was married to the respondent. He did not substantiate the allegations set forth in his cross-complaint, which included an assertion that the property in dispute was purchased with the joint earnings of the parties.

 Upon these findings, we cannot say that the trial court failed to exercise or abused its discretion when it awarded substantially all of the property to respondent. If the fact that respondent, as well as appellant, was engaged in unlawful transactions raises a doubt that the properties were acquired solely through her efforts, that doubt is resolved when the findings are considered in conjunction with the memorandum opinion. Where the findings of fact are consistent with the views expressed in the memorandum decision, they are to be read in the light of the views expressed in that decision. *High v. High,* 41 Wn. (2d) 811, 252 P. (2d) 272 (1953).

In its memorandum decision, after discussing the evidence, including letters in which appellant had indicated that he considered himself fully compensated for his share of the illicit traffic and disclaimed any interest in respondent's properties, the court concluded:

"I feel that this defendant has lived off of this woman and her earnings, acquired as they have been, long enough and it is about time for him to get out and earn an honest dollar."

 While the superior court may, under certain circumstances, award part or all of one spouse's separate property to the other, the situations which warrant such action are exceptional. *Bodine v. Bodine, supra.* Appellant points to no finding that the property was acquired through the joint efforts of the parties, nor does he assign error to the court's refusal to make such a finding. He insists, however, that the trial court refused to award him any of the property accumulated while he was living with respondent solely because

it was he who was found to be at fault. It is plain that the court did not consider either of the parties above reproach, and there is no showing that it disregarded the relative merits of the parties, the condition in which they would be left by the divorce, and the party through whom the property was acquired. We find no abuse of discretion.

The judgment is affirmed.

HAMLEY, C. J., MALLERY, HILL, and WEAVER, JJ., concur.