[No. 34341. Department One. November 29, 1957.]

RAYMOND E. KNIGHT, *Respondent*, v. ED BISHOP *et al.,* *Appellants.*[1]

*Bennett Hoffman*, for appellants.

*Rummens, Griffin, Short & Cressman* and *R. M. Oswald,* for respondent.

PER CURIAM.—This action for damages arises out of a wrongful garnishment. The court entered findings of fact, conclusions of law, and judgment in favor of the plaintiff. The defendants appeal.

Appellants do not assign error to the findings of fact. They therefore become the established facts of the case. Rule on Appeal 43, 34A Wn. (2d) 47, as amended, effective January 2, 1953.

The question is, do the findings support the judgment? *In re Youngkin's Estate*, 48 Wn. (2d) 432, 294 P. (2d) 426 (1956); *Union Electric & Plumbing Supply v.*

[1] Reported in 318 P. (2d) 323.

*United Ass'n of Journeymen & Apprentices of the Plumbing & Pipe Fitting Industry of the United States & Canada, Local Union 32,* 45 Wn. (2d) 17, 272 P. (2d) 144 (1954).

The court found, in findings Nos. 8, 9, and 10, that the writ of garnishment which was served upon the garnishee defendant was wrongfully issued, for the reason that the judgment which was the basis for the writ of garnishment was void. The court entered judgment awarding damages for the amount it determined to be reasonable to reimburse the respondent for attorneys' fees and costs expended in quashing the writ. Where, as here, the writ of garnishment is regular on its face, such items are proper elements of damage. *Maib v. Maryland Cas. Co.,* 17 Wn. (2d) 47, 135 P. (2d) 71 (1943); *Olsen v. National Grocery Co.,* 15 Wn. (2d) 164, 130 P. (2d) 78 (1942). The findings support the judgment.

The judgment is affirmed.