[No. 36377.   Department Two.   September 6, 1962.]

FOREST MEEK, *Appellant*, v. THURSTON COUNTY *et al.*, *Respondents.**

*Lynch & Lynch*, for appellant.

*Ernest L. Meyer* and *Hewitt A. Henry*, for respondents.

HUNTER, J.—This appeal is from an order of dismissal entered in an action to enjoin a proposed annexation election.

The plaintiff (appellant) is a property owner and resident in Thurston County.  On October 10, 1961, pursuant to

*Reported in 374 P. (2d) 558.

RCW 35.13.020, certain voters resident in an area contiguous to the corporate limits of the city of Olympia, filed a petition with the city commission. The petition proposed that a defined area, which included the plaintiff's property, be annexed to the city of Olympia. On the same day, the city commission at a regularly scheduled meeting, by resolution, approved the proposed action and notified the petitioners of its resolution.

As required by RCW 35.13.171, the mayor of the city of Olympia convened a board of review composed of persons holding official positions as designated by the statute. This board held two meetings to consider the desirability of the proposed annexation. Public notice of these meetings was not given. No voters resident or landowners in the area involved were present at either meeting. The board made findings favorable to annexation of the area proposed and, as required by statute, filed its approval with the board of county commissioners.

The board of county commissioners gave public notice of a hearing to be held on November 27, 1961, concerning the petition for the annexation election. The commissioners considered their duty under the governing statutes to be ministerial only and, upon findings that the petition complied with requirements of the law and that annexation was approved by the board of review, it granted the petition. January 19, 1962 was fixed as the date for the election.

Ten days prior to the election, the plaintiff commenced this suit to enjoin the defendants Thurston County and the Thurston County Auditor (respondents) from holding the election. The trial court denied the injunction and entered an order dismissing the suit.

The essence of the plaintiff's assignments of error is that the trial court failed to conclude that he was denied his statutory right to public notice of the meetings concerning the annexation and denied an effective opportunity to present his views concerning the matter. The disposition of the issues raised requires that we set forth the pertinent statutes controlling the method of annexation involved in this case.

RCW 35.13.020: "Election method—Petition for election —Signers—Rate of assessment in annexed area for outstanding indebtedness—Filing and approval—Costs of election. A petition for an election to vote upon the annexation of a portion of a county to a contiguous city or town signed by qualified voters resident in the area equal in number to twenty percent of the votes cast at the last election may be filed in the office of the board of county commissioners: *Provided,* That any such petition shall first be filed with the legislative body of the city or town to which the annexation is proposed, and such legislative body shall, by resolution entered within sixty days from the date of presentation, notify the petitioners, either by mail or by publication in the same manner notice of hearing is required by RCW 35.13.040 to be published, of its approval or rejection of the proposed action. . . . The approval of the legislative body shall be a condition precedent to the filing of such petition with the board of county commissioners as hereinafter provided. The costs of conducting such election shall be a charge against the city or town concerned."

RCW 35.13.171: "Review board—Convening—Composition. Within ten days after the filing of a city's or town's annexation resolution with the board of county commissioners, or within ten days after filing with the county commissioners a petition calling for an election or annexation, as provided in RCW 35.13.020, or within ten days after approval by the legislative body of a city or town [of] a petition of property owners calling for annexation, as provided in section 17 of this amendatory act, the mayor of the city or town concerned shall convene a review board composed of the following persons: . . ."

RCW 35.13.173: "Determination by review board—Factors considered—Filing of findings. The review board shall by majority action, within three months, determine whether the property proposed to be annexed is of such character that such annexation would be in the public interest and for the public welfare, and in the best interest of the city, county, and other political subdivisions affected. The governing officials of the city, county, and other political subdivisions of the state shall assist the review board insofar as their offices can, and all relevant information and records shall be furnished by such offices to the review board. In making their determination the review board shall be guided, but not limited, by their findings with respect to the following factors: . . ."

RCW 35.13.040: "Election method—Hearing—Notice. Upon the filing of approval by the review board of a petition to call an annexation election, the board of county commissioners at its next meeting shall fix a date for hearing thereon to be held not less than two weeks nor more than four weeks thereafter, of which hearing the petitioners must give notice by publication for at least two weeks prior thereto in some newspaper printed and published in the city or town to which the area is proposed to be annexed. Upon the day fixed, the board shall hear the petition, and if it complies with the requirements of law and has been approved by the review board, shall grant it. The hearing may be continued from time to time for an aggregate period not exceeding two weeks."

RCW 35.13.060: "Election method—Fixing date of election. Upon granting the petition, the board of county commissioners shall fix a date for the annexation election, which must be not less than thirty nor more than sixty days thereafter."

RCW 35.13.100: "Election method—Ordinance providing for annexation, assumption of indebtedness. Upon filing of the certified copy of the finding of the board of county commissioners, the clerk shall transmit it to the legislative body of the city or town at the next regular meeting or as soon thereafter as practicable. If only a proposition relating to annexation was submitted to the voters and such proposition was approved, the legislative body shall adopt an ordinance providing for the annexation. If propositions for annexation and assumption of indebtedness were both submitted, and both were approved, the legislative body shall adopt an ordinance providing for the annexation including the assumption of indebtedness. If both propositions were submitted and only the annexation proposition was approved, the legislative body may, if it deems it wise or expedient, adopt an ordinance providing for the annexation."

The plaintiff first contends that the annexation election must be enjoined because the commission of the city of Olympia failed to hold any public hearing concerning the annexation proceedings. He relies upon RCW 35.13.140 which provides as follows:

"Whenever a petition for annexation is filed with the city or town council, or commission in those cities having a

commission form of government, which meets the requirements herein specified, of which fact satisfactory proof may be required by the council or commission, the council or commission may entertain the same, fix a date for a public hearing thereon and cause notice of the hearing to be published in one issue of a newspaper of general circulation in the city or town. The notice shall also be posted in three public places within the territory proposed for annexation, and shall specify the time and place of hearing and invite interested persons to appear and voice approval or disapproval of the annexation. The expense of publication and posting of the notice shall be borne by the signers of the petition."

█ The foregoing statute was enacted in 1945 and is part of the procedure to be followed in pursuing the "petition" method of annexation. In the instant case we are concerned with the "election" method of annexation and the statutory procedure for the latter method does not require the city legislative body to hold a public hearing upon the filing of a petition for an annexation election. RCW 35.13.140 is not applicable to this case.

The plaintiff next contends that the failure of the board of review to give public notice of its meetings and provide an open hearing concerning the proposed annexation was in violation of RCW 42.32.010, which is the general public notice statute and which provides as follows:

"No board, commission, agency or authority of the state of Washington, nor the governing board, commission, agency or authority of any political subdivision exercising legislative, regulatory or directive powers, shall adopt any ordinance, resolution, rule, regulation, order or directive, except in a meeting open to the public and then only at a meeting, the date of which is fixed by law or rule, or at a meeting of which public notice has been given by notifying press, radio and television in the county and by such other means as may now or hereafter be provided by law: *Provided,* That this chapter shall not apply to the state legislature, the judiciary, or to those regulatory orders of quasi judicial bodies applicable only to named parties as distinguished from orders having general effect on the public or a class or group."

The plaintiff argues that since the board of review's determination is discretionary and substantially conclusive as to

whether an election will be held, it should not make its findings until after a hearing open to the public, the date of which public notice has been given. The issue, therefore, is whether the board of review is the type of governmental body exercising the type of governmental functions contemplated within the meaning of RCW 42.32.010.

■ The statute has as its purpose to assure persons in the community affected by a governmental body the opportunity to be informed of impending meetings and to present their views regarding governmental actions. The phrase "legislative, regulatory or directive powers" is broad and it remains to decide whether the board's decision comes within its meaning.

The statutes setting forth the annexation procedure pertaining to the election method do not require the board to give public notice of its meetings. But, according to scheme of the statutory procedure for annexation by the election method, the board of review is placed in the position to make a final determination as to whether an election in the proposed area will be held. If the board finds annexation to be unfavorable, the annexation proceedings are at an end. If it finds that annexation is favorable, the board of county commissioners must then grant the petition and fix a date for the election, subject to the condition that the petition has met the requirements of the statutes. The county commissioners' function is merely ministerial. The conclusion is inescapable that the board of review is not performing an advisory function such as merely submitting a recommendation to the board of county commissioners. In this sense, the board of review's power is directive.

During the annexation proceedings under the election method, an interested person has no effective opportunity to voice his view before an agency that determines whether an election will be held. The city involved is not required to give public notice of the filing of the petition by voters in the proposed area for an annexation election. The city of Olympia did not do so in the instant case. Interested persons did not have an opportunity to object to the city commission's approval of the petition for further proceedings.

Although RCW 35.13.040 provides for a public hearing before the board of county commissioners, and such a hearing was held in this case, the same statute makes it clear the county commissioners have no alternative but to grant the petition if the board of review has approved the annexation and the petition complies with the statutes.

The defendant Thurston County argues that the absence of a public notice and open hearing requirement in the board of review's proceedings is not irregular in view of the fact that the ballot is available as a means for persons such as the plaintiff to express views regarding the annexation. We do not think the opportunity to cast a vote in the annexation election sufficiently indicates that the legislature did not intend RCW 42.32.010 to apply to the proceedings of the board of review. If the opposite were true, then a person who owns property in the area proposed to be annexed, but who is not a "voter resident" in the area, would be completely denied a voice in the matter, although his interests are substantially involved. Furthermore, with regard to a person who is a "voter resident" in the area and who opposes the annexation in part, but not entirely, an opportunity to express his views to a board with discretionary power may very well be more desirable or effective than the opportunity to cast a "yes" or "no" vote in an election.

We conclude that RCW 42.32.010, being a general and "catch-all" type of statute, was meant to apply to the kind of governmental action involved in this case.

The board of review should have given public notice of its meeting wherein it approved the annexation and provided an open hearing. The annexation procedure was irregular in this regard and the trial court erred in not granting the injunctive relief as prayed for by the plaintiff.

The trial court's order of dismissal is reversed, and the case is remanded with directions to enjoin the defendant from proceeding with the annexation election until there is compliance with the procedure required by statute.

FINLEY, C. J., DONWORTH, and HAMILTON, JJ., concur.

HILL, J., dissents.

October 11, 1962. Petition for rehearing denied.