[No. 37125. Department One. July 30, 1964.]

THE STATE OF WASHINGTON, *on the Relation of* James Thigpen *et al., Appellant,* v. THE CITY OF KENT *et al., Respondents.**

*Parker & Borawick,* by *Wayne R. Parker,* for appellants.

*John B. Bereiter* and *Elvidge, Watt, Veblen & Tewell,* for respondents.

BARNETT, J.†—Appellant relators commenced this quo warranto action challenging the validity of annexation ordinance No. 1124 of the city of Kent. Relators are residents, property owners, and businessmen whose homes and places of business are within the area described in the annexation ordinance. Respondents are the city of Kent, its mayor, city clerk, and members of its city council.

*Reported in 394 P. (2d) 686.

†Judge Barnett is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

To understand better the problems presented by this appeal, we find it necessary to outline the three separate and distinct methods of annexation which are provided for in the statutes.

(1) *Election* method, initiated by voter petition signed by qualified voters resident in the area to be annexed equal to 20 per cent of the votes cast at the last election. RCW 35.13.020.

(2) *Election* method, initiated by the legislative body of the city or town. RCW 35.13.015.

(3) *Petition* method, initiated by petition ". . . signed by the owners of not less than seventy-five percent in value, according to the assessed valuation for general taxation of the property for which annexation is petitioned, . . ." RCW 35.13.130. There is no election under this method.

The annexation method used in the instant case was that of *petition.* Pursuant to RCW 35.13.171, which is applicable to all three annexation methods, the mayor of Kent convened a review board, whose members are provided for in that statute.

The purpose of the review board is to ". . . determine whether the property proposed to be annexed is of such character that such annexation would be in the public interest and for the public welfare, and in the best interest of the city, county, and other political subdivisions affected. . . ." RCW 35.13.173. That section also sets forth some, but not all, of the factors the review board should take into consideration in making its decision.

The review board met on December 28, 1961, and again on January 25, 1962. At the latter meeting the board determined by a three to two vote that the annexation of the area in question was *not* in the public interest. However, on March 19, 1962, the city council of Kent adopted a motion to accept the annexation despite the review board's unfavorable determination. It is this determination by the city council that brought about this action.

Both parties moved for judgment in their favor. The trial court entered an order granting respondents' motion for

dismissal and denied relators' motion for summary judgment.

At the outset, we are met by the contention of respondents that relators have no standing to maintain this action. RCW 35.24.440 provides that, in contesting the annexation into a third class city (into which class the city of Kent falls), the quo warranto action must be instituted by ". . . a person interested in the proceedings whose interest must clearly be shown. . . ." Respondents contend that, in order to have standing to contest the annexation, relators' interest must be something special and different, that is, something greater than their interest as members of the general public.

The agreed statement of facts relates that relators "are residents of King County, State of Washington, and are residents, operate businesses and own property within that area purportedly annexed . . . and are generally affected by the regulations and taxes imposed upon said area by the City of Kent."

█ Although the statute in question does not define what that interest of the persons attacking the validity of the annexation must be, we hold that, within the purview of the statute (1) residents, operating businesses and owning property within the area annexed, are persons "interested in the proceedings" and (2) their interest is clearly shown.

The major question remaining is whether a favorable determination of the review board is a condition precedent to the city council's approving the annexation when that annexation is by the petition method. We hold that it is not.

RCW 35.13.173 provides in part:

" . . .

"Whether the review board determines for or against annexation, its reasons therefor, along with its findings on the specified factors and other material considerations shall:

"(1) In the case of a petition signed by property owners calling for an annexation without election, be filed with the legislative body of the city or town concerned; . . . "

The statutes are silent as to what effect, if any, the review board's determination, either favorable or unfavorable, has when the annexation is by the petition method.

When the annexation is by the two *election* methods, as opposed to the *petition* method, a favorable determination by the review board is a condition precedent to the city council's allowing such annexation. RCW 35.13.174; RCW 35.13.040; *Meek v. Thurston Cy.,* 60 Wn. (2d) 461, 374 P. (2d) 558 (1962).

Relators contend that, by failing to provide what effect the determination of the review board has when the annexation is by petition, the statutes create an ambiguity, and that the legislature intended that a favorable review board determination is essential under the petition method, as well as under the two election methods. However, the legislature only stated so by implication in the petition method.

 The statutes are not ambiguous. The legislature made express mention of the necessity of review board approval before action can be taken by the board of county commissioners in calling an annexation election and made no mention of review board approval as a prerequisite to action by the city council on a property owner's petition without election. If the legislature intended approval to be conclusive on the city council in the case of the petition method, it could have so provided.

 The rules of statutory construction can be used only to ascertain the meaning of a statute and not to modify it. *State v. Spino,* 61 Wn. (2d) 246, 377 P. (2d) 868 (1963).

The essence of relators' position is that it is illogical that the legislature intended the review board's findings to be a condition precedent when the election method is pursued, and only advisory when the petition method is invoked.

This court cannot read into a statute language which we conceive the legislature has omitted. *Department of Labor & Industries v. Cook,* 44 Wn. (2d) 671, 269 P. (2d) 962 (1954) and cases cited therein; *Shelton Hotel Co. v. Bates,* 4 Wn. (2d) 498, 104 P. (2d) 478 (1940).

In *Department of Labor & Industries v. Cook, supra,* we said, p. 677:

". . . Moreover, there seems to be something illogical about giving the department a right to defend in the superior court those board decisions which are favorable to the department, but denying it the right to institute a court attack upon an adverse board decision. Likewise, it seems illogical to give the department, as a party to the superior court proceedings, a right of appeal to the supreme court (RCW 51.52.140), but to deny it a right of appeal to the superior court from the board of industrial insurance appeals, before which the department is also a party.

"But, whether the seeming lack of logic in this situation is the product of inadvertence or intention, the fact remains that the act lacks such a provision. The court cannot read into a statute anything which it may conceive that the legislature has unintentionally left out. [citing cases]"

Therefore, we hold that a favorable determination of the review board is not a condition precedent to the city council's approval of the annexation when that annexation is by the petition method.

The judgment is affirmed.

OTT, C. J., HILL, ROSELLINI, and HALE, JJ., concur.