[No. 39848. Department Two. March 27, 1969.]

LILLIAN S. WEISS, *Respondent*, v. GEORGE A. WEISS, *Appellant*.*

*Fredric P. Holbrook*, for appellant.

*Riddell, Williams, Voorhees, Ivie & Bullitt*, for respondent.

PER CURIAM.—This is an appeal from a divorce decree entered March 6, 1967, terminating a marriage of more than 30 years duration. Each party craved and secured a divorce from the other. Their three children have all (as of the date of this opinion) attained their majority. The wife is earning some $8,000 a year as a teacher; the husband is earning some $11,000 a year as a real estate appraiser. The total assets of the community were found by the trial court to have a value of $160,099.26. Assets awarded to the wife were found by the trial court to have a value of $77,420.75. Assets awarded to the husband were found by the trial court to have a value of $82,678.51.

There was no provision for alimony.

The trial court, in its findings of fact, placed a present valuation on each item, including the husband's naval reserve retirement benefits at $21,009 and his United States Civil Service retirement benefits at $31,872.

*Reported in 452 P.2d 748.

These benefits were awarded to the husband as part of the property division. He appeals; his contention being that the valuation placed on these retirement benefits is much too high and that if the value of the retirement benefits were computed by the method he deems preferable, a much lower valuation would be the result and the distribution between the parties would not then approach the near equality which the trial court desired to achieve in this case.

The only applicable assignment of error is as follows:

The evaluation of the retirement systems should not be determined by statistical future events in a divorce action, but should be evaluated as any other insurance, that is, present cash value or contributions paid in by the community.

(Assignment of error No. 1.)

■ The appellant ignores Rule on Appeal 43 which *inter alia* requires:

In appeals from all actions at law or in equity tried to the court without a jury, the findings of fact made by the court will be accepted as the established facts in the case unless error is assigned thereto. No error assigned to any finding or findings of fact made or refused will be considered unless so much of the finding or findings as is claimed to be erroneous shall be set out verbatim in the brief.

Such an assignment of error is obviously not sufficient to attack the trial court's findings of fact relative to the value of the retirement benefits within the purview of ROA 43.

As pointed out in *Browning v. Browning,* 46 Wn.2d 538, 540, 283 P.2d 125 (1955), findings of fact to which no error is assigned become the established facts of the case. *Vander-Meer v. Belk,* 45 Wn.2d 408, 275 P.2d 436 (1954); *Simpson v. Hutchings,* 41 Wn.2d 287, 248 P.2d 572 (1952).

For more recent reiteration of that holding see *Hempel v. Ihrig, ante* p. 253, 254, 450 P.2d 179 (1969),

On the facts as found by the trial court, the judgment must be and is affirmed.

We would, however, add that irrespective of the values placed on retirement benefits, the division of property made by the trial court is well within the limits of the discretion vested in it relative to the division of the property of the parties whether community or separate. As we said in *Browning v. Browning, supra,* at 541, "[o]nly a manifest abuse of that discretion justifies this court in substituting its judgment for that of the trial court. *Bodine v. Bodine,* 34 Wn. (2d) 33, 207 P. (2d) 1213 (1949)."