[No. 42696. En Banc. July 25, 1974.]

BARBARA GOODMAN, *Appellant*, v. BETHEL SCHOOL DISTRICT No. 403, *Respondent*.

*J. Benedict Zderic*, for appellant.

*Kane, Vandeberg & Hartinger*, by *Elvin J. Vandeberg*, for respondent.

STAFFORD, J.—Barbara Goodman appeals from a decision of the trial court affirming the nonrenewal of her teaching contract for 1972-73 by respondent Bethel School District No. 403. Respondent has cross-appealed an award to appellant of attorney's fees and costs.

Appellant was employed as a certified teacher by respondent. On January 31, 1972, she was notified she had been placed on probation. April 11, 1972, respondent's board of directors determined that probable cause existed for the nonrenewal of appellant's teaching contract for 1972-73.

By letter dated April 12, 1972, appellant was given notice of probable cause for nonrenewal of her teaching contract following which she requested and received an open hearing before respondent's board. Evidence received at the hearing was fully reported.

After hearing the evidence and argument of counsel, the board made a finding of fact which provided: "BARBARA GOODMAN during the 1971-72 school year did not establish and maintain such appropriate control over her classroom as is necessary to effective student learning and did not control classroom activities to the extent necessary to assure that the work of individuals and groups in the classroom was orderly and effective." The board also found that the criteria by which appellant's performance was judged

was a part of respondent district's policy handbook which had been negotiated by the Bethel Education Association, as bargaining representative for the certified staff. Finally, the board determined sufficient cause existed for nonrenewal of appellant's teaching contract for the 1972-73 school year. Appellant filed notice of appeal to the superior court pursuant to RCW 28A.58.460.

Respondent filed a verbatim transcript of the evidence (hereinafter called a statement of facts) as well as the papers and exhibits relating to the board's decision. This was done pursuant to RCW 28A.58.470; *accord, Hattrick v. North Kitsap School Dist. 400,* 81 Wn.2d 668, 504 P.2d 302 (1972). Thereafter, appellant moved for a "trial de novo" by the superior court, which she asserts was required by RCW 28A.58.480.[1] She also moved to have the superior court exclude, from its use or consideration, the statement of facts filed by the board.

The trial court denied appellant's motion to exclude as evidence testimony taken before the board. Rather, it devised rules of procedure concerning its use:

1. The testimony of witnesses who testified before the board would be accepted if they were present in court, were sworn, and informed the court that they had read the prior testimony and would testify in the same manner, or would change their testimony in some specific way.

2. Both counsel would be given an opportunity to introduce further testimony by the witnesses and to cross-examine them on testimony given before the board as well as on the testimony before the court.

Appellant was permitted to, and did, call witnesses who had not appeared before the board.

A substantial portion of the evidence used by respondent at the superior court hearing was presented in accordance with the foregoing procedure. After the hearing, the trial court made findings of fact and conclusions of law which

---

[1] RCW 28A.58.480:

"Any appeal to the superior court by an employee shall be heard de novo by the superior court. Such appeal shall be heard expeditiously."

supported respondent's nonrenewal of appellant's contract. That portion of the judgment from which Barbara Goodman appeals affirmed respondent. The judgment also ordered respondent to pay appellant $500 as reasonable attorney's fees together with the taxable costs in superior court. Respondent appeals from the latter portion of the judgment.

■ First, appellant contends the trial court erred by denying her motion challenging the sufficiency of respondent's evidence at the close of respondent's case. We do not agree. After the motion was denied appellant elected to continue with the trial and produced evidence in her own behalf. Having made such an election, she cannot predicate error upon the denial of her motion for dismissal. *Jones v. Bard*, 40 Wn.2d 877, 880, 246 P.2d 831 (1952); *see also State v. Reader's Digest Ass'n*, 81 Wn.2d 259, 265, 501 P.2d 290 (1972).

■ Next, appellant assigns error to two conclusions of law and the judgment based thereon. The conclusions of law, Nos. 2 and 3, as set forth in the brief, read as follows:

"The respondent has established by a preponderance of the evidence that sufficient cause existed to nonrenew the teaching contract of the appellant for the 1971-1972 school year." [2]

"The respondent is entitled to entry of a judgment affirming the decision of the Board of Directors that the teaching contract of the appellant not be renewed for the 1972-1973 school year." [3]

In considering the assigned error we must consider the status of the trial court's findings of fact. First, appellant seems to argue that the statement of facts contains evidence which, if considered by the trial court, could have caused the court to reach a different result. However, she has not

[2] The conclusion of law set forth in appellant's brief is incorrect. The conclusion of law actually given by the trial court referred properly to "the 1972-73 school year."

[3] The conclusion of law set forth in appellant's brief is inaccurate. The conclusion of law given by the trial court actually reads in part "the 1972-73 school year."

assigned error to the trial court's failure to make findings of fact supportive of her position. We will not consider alleged error unless it is set forth in an assignment of error. ROA I-43. Second, during oral argument appellant challenged the trial court's reliance on certain evidence contained in the statement of facts. However, she has assigned no error to the court's admission of any specific evidence either as to particular persons, subject matter, or any alleged evidentiary violations such as hearsay. Further, she does not allege the use of improper criteria by the board (or the court) in ordering the nonrenewal of her contract. ROA I-43 prevents our further consideration of the subject. Finally, appellant has not assigned error to any finding of fact entered by the trial court. Thus, it is unnecessary to determine whether there is substantial evidence to support the findings. They are the established facts of the case. ROA I-43; *West Coast Airlines Inc. v. Miner's Aircraft & Engine Serv., Inc.,* 66 Wn.2d 513, 403 P.2d 833 (1965); *Weiss v. Weiss,* 75 Wn.2d 596, 452 P.2d 748 (1969). As matters stand, then, we are concerned only with whether the challenged conclusions of law are supported by the findings of fact. *Browning v. Browning,* 46 Wn.2d 538, 283 P.2d 125 (1955); *Knight v. Bishop,* 51 Wn.2d 353, 318 P.2d 323 (1957); *Ebenezer A.M.E. Zion Church v. Corporate Loan & Sec. Co.,* 72 Wn.2d 128, 432 P.2d 291 (1967).

The pertinent unchallenged findings of fact read as follows:

8. Dr. John Amend visited the classroom of the appellant on four different occasions between February 1, 1972 and April 15, 1972, for the purpose of assisting the appellant in improving her teaching ability. During these visits, the appellant displayed an unawareness of the activities of the students in her classroom except for the immediate group with which she was working, and she did not establish and maintain such appropriate control over her classroom as the Court finds to be necessary to effective student learning and to assure that the work of individuals and groups in the classroom was orderly and effective.

9. The appellant, by her own testimony, admitted that she did not have her classroom under control and that her planning was not adequate on occasions.

10. The respondent has established a preponderance of the evidence that sufficient cause existed for the non-renewal of the teaching contract of the appellant for the 1972-73 school year.

The foregoing findings of fact support conclusions of law 2 and 3.

Next, appellant claims error because the trial court used "out of court transcribed testimony . . . over appellant's objection." We find no error. This assignment of error brings into play an offshoot of the rule just discussed at length. Where a case has been tried to the court, *in the absence of errors assigned to the trial court's findings of fact* pursuant to ROA I-43, this court will not review errors claimed in the admission of evidence. *Simpson v. Hutchings,* 41 Wn.2d 287, 248 P.2d 572 (1952). As we said in *Kitsap County Bank v. United States Fid. & Guar. Co.,* 90 Wash. 12, 18, 155 P. 411 (1916):

> All evidence *admitted, whether properly or improperly,* is merged in the court's findings. Exceptions to the admission of evidence cannot cure the failure to except to the findings based thereon. Obviously the failure to except to the findings waives the exception to the admission of evidence.

(Final italics ours.) *Hutchings* recognized that *Kitsap* dealt with the failure of appellant to follow a rule regarding *exceptions to findings of fact* which had the ultimate effect of excluding them from appellate review whereas *Hutchings* was concerned with a failure to properly assign *error to findings* which excluded them from consideration. Nevertheless, we held in *Hutchings,* at page 290, "the basic rule of the *Kitsap* case, *supra,* is strongly applicable by analogy in the instant case. That is, where the findings are not before the court—and, consequently, they are taken as verities—*we cannot review alleged error in the admission of evidence upon which such findings were based.*" (Final italics ours.) *See also Jones v. Bard, supra.*

Finally, appellant contends the trial court committed error by denying her motion for a "trial de novo." It is appellant's position that upon appeal of the board's decision she was entitled to a completely "new trial" covering the whole case, without reference to the statement of facts filed by the board. It is urged that the trial court's use of the statement of facts, under its procedural rules, denied her the "trial de novo" authorized by RCW 28A.58.480. We do not agree.

First, the assignment of error is essentially an allegation of error concerning the admission of evidence upon which the trial court based findings of fact. Rather than reiterate the matters just discussed, it is sufficient to say that since error was not assigned to any findings of fact we cannot review alleged error in the admission of evidence (*i.e.,* the statement of facts) upon which the findings are based. *Jones v. Bard, supra; Simpson v. Hutchings, supra.*

██ Second, appellant assumes that RCW 28A.58.480 entitles her to a "trial de novo" on appeal. This, she asserts, entitles her to a completely "new trial" without reference to the statement of facts. In support of her position appellant cites definitions of "de novo," "trial de novo" and "trial." Appellant has misconceived the nature of appellate review granted by RCW 28A.58.480. It does not provide for a "trial," a "new trial" or a "trial de novo." Rather, it provides: *"Any appeal* to the superior court . . . shall be *heard* de novo by the superior court." (Italics ours.)

The phrase "hearing de novo" does not have a settled meaning as to the nature of the evidence to be reviewed or received on appeal. In fact, the term "de novo" occurs 67 times in 55 sections of the Revised Code of Washington with varied meanings, dependent upon the statutory source. For that reason, discussions of the term in numerous cases have been equally varied. For example, RCW 3.50.410 uses the term "de novo" to indicate an *entire new trial* by the superior court, including the rehearing of all witnesses. On the other hand, "de novo" as used in RCW 4.76.030 indicates that there shall be a *review of the record*

from the court below. Still another variation is found in RCW 51.52.115 wherein it is provided that the hearing shall consist, among other things, of a review of the *testimony offered before a board and included in the record* filed with the superior court. In other words, reference to statutes at large or general definitions found in cited cases based thereon can be, and often is, misleading. For that reason it is necessary to resort to a standard means of statutory construction. In this regard, we have held that statutes that are in pari materia must be considered together. *Beach v. Board of Adj.*, 73 Wn.2d 343, 438 P.2d 617 (1968); *see also Seattle v. State*, 54 Wn.2d 139, 338 P.2d 126 (1959). Further, in construing a statute the entire sequence of all statutes relating to the same subject matter should be considered. *In re Estates of Donnelly*, 81 Wn.2d 430, 502 P.2d 1163 (1972); *see also Amburn v. Daly*, 81 Wn.2d 241, 501 P.2d 178 (1972). Thus, the term "de novo," as used in RCW 28A.58.480, should be construed by reference to the other allied statutes concerned with the nonrenewal of teachers' contracts.

RCW 28A.58.460 authorizes a certified teacher to appeal from the school board's failure to renew that employee's contract for the next ensuing year. The appealing teacher is required to file with the clerk of the superior court a notice of appeal which sets forth "in a clear and concise manner the errors complained of." Once an appeal is initiated the board is required to make and file with the superior court a "complete transcript of the evidence and the papers and exhibits relating to the decision complained of . . ." RCW 28A.58.470. Compliance with RCW 28A.58.470 requires more than a mere filing of the exhibits and papers relating to the board's decision. The board must also file "the complete transcript of the evidence," *i.e.*, a statement of facts. *Hattrick v. North Kitsap School Dist. 400*, 81 Wn.2d 668, 504 P.2d 302 (1972). Having imposed these affirmative duties upon school boards, as a part of the appeal process, it would be illogical to conclude that the legislature intended the trial court to totally disregard such evi-

dence in the de novo hearing provided by RCW 28A.58.480. On the contrary, it is clear that some practical use should be made of it. To hold otherwise would make a sham of the legislative requirement. In *Hattrick* we recognized this commonsense approach and held that in reviewing a school board's determination at the de novo hearing, the trial court was entitled to make use of the statement of facts. The nature and extent of its use was said to be optional, subject to the restriction that the trial court's determination must be made solely upon the evidence and testimony it receives. Further, we indicated that the conclusion reached by the trial court must be unhampered by the findings and conclusions of the school board. *Hattrick v. North Kitsap School Dist. 400, supra.*

In the case at hand, the trial court made a practical use of the statement of facts. Not only was potential hearing time shortened, but the appellant's rights were adequately protected. Appellant had an opportunity for extensive cross-examination and was permitted to present additional evidence and witnesses.

The record makes it clear that the trial court did not reach its determination based merely upon the board's findings and conclusions. It made its own independent resolution of the issues based upon the evidence and testimony before it. In this regard, it is significant that appellant has not assigned error to any finding of fact based upon the whole evidence.

We affirm the trial court in the Goodman appeal.

■ The school board has cross-appealed the trial court's determination that appellant is entitled to reasonable attorney's fees and taxable costs despite an unsuccessful appeal. It is argued that RCW 28A.58.490, which authorizes a discretionary award of such fees and costs, is in derogation of the common law and should be strictly construed. Thus, it is urged, the award is improper because it would require a liberal rather than a strict application of the statute. Next, it is contended that the award amounts to

an award of public funds to private parties to encourage litigation at public expense. We do not agree.

RCW 28A.58.490 reads as follows: [1] "The court *in its discretion* may award to an employee a reasonable attorney's fee for the preparation and trial of his appeal, together with his taxable costs in the superior court." [2] *"If the court enters judgment for the employee,* in addition to ordering the school board to reinstate or issue a new contract to the employee, *the court may award damages* incurred by the employee by reason of the action of the school district." (Italics ours.)

It will be noted that the statute consists of two sentences. Each deals with a separate portion of the appellate process. The first sentence is concerned solely with an award of reasonable attorney's fees and taxable costs. This is left solely to the trial court's *discretion.* There is no requirement that a successful appeal be a condition precedent to an exercise of the trial court's discretion. The second sentence is the only portion of the statute which mentions *prevailing* on appeal. It, however, is restricted solely to the award of *damages.* When the statute is read as a whole, it is clear that it is not necessary for an appellant to prevail, as a condition precedent to an exercise of the trial court's discretionary award of reasonable attorney's fees and taxable costs.

If the legislature had deemed "prevailing on appeal" as a necessary prerequisite to an award of reasonable attorney's fees and taxable costs, it could have so specified. But, it did not. Even if we were to assume the omission occurred through legislative oversight, we could not correct or modify it by judicial fiat. *State ex rel. Thigpen v. Kent,* 64 Wn.2d 823, 826, 394 P.2d 686 (1964); *Knowles v. Holly,* 82 Wn.2d 694, 513 P.2d 18 (1973).

Respondent board assigns error to the trial court's finding of fact that the appeal was not frivolous. The assignment of error is not well taken. First, it is supported by the statement of facts. Second, appeal is a right clearly authorized by RCW 28A.58.460-.480. Third, it was appropriate for

the trial court to give its reason for exercising its discretion in light of the unsuccessful appeal. When an appellant has not prevailed on appeal, it is at least a minimum prerequisite to the exercise of discretion that the appeal not have been frivolous.

The trial court is also affirmed in the cross-appeal.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.