[No. 34687.   Department Two.   March 26, 1959.]

*In the Matter of the Estate of* CLAUDE C. WILSON, *Deceased.*
A. E. CURRIE *et al., Appellants,* v. THE NATIONAL BANK OF
WASHINGTON, *as Administrator de bonis non, Respondent.*[1]

[1]Reported in 337 P. (2d) 56.

*Neal, Bonneville & Hughes, A. E. Currie,* and *G. E. Poston,* for appellants.

*Metzger, Blair & Gardner,* for respondent.

WEAVER, C. J.—This is the second appeal, by surviving partners of the Wilson Brothers Logging Company, from a decree in probate determining the value of decedent's interest in the partnership assets, pursuant to RCW 11.64.030.

The facts necessary to understand the present appeal are these:

Claude Wilson and appellants Currie and Poston had a logging partnership. Wilson, now deceased, managed the business; Currie and Poston worked in the woods. In 1946, Wilson purchased a caterpillar tractor, using partnership credit and eventually paying for it with partnership funds. Title to the tractor, however, was placed in the names of Bob Wallin and Gordon Wilson, who, together with Claude Wilson, constituted another partnership for the operation of the tractor. The tractor was rented to the logging partnership. Appellants Currie and Poston had no knowledge of these arrangements.

On the first appeal, this court held that the tractor was actually an asset of the logging partnership; that appellants were entitled to a credit of two thirds of the sale price of the tractor and two thirds of its earnings.

The mold for casting the final decree in this case was formed by our previous opinion, wherein we held that

". . . the surviving partners [appellants] are entitled to a credit of two thirds of the earnings of the caterpillar, the amount thereof to be determined in the manner hereinabove provided."

Also:

"Bob Wallin and Gordon Wilson borrowed $12,425.80 from the partnership. They paid it back, except $585.80, by renting to the partnership its (the partnership's) caterpillar at eight dollars per hour. The partnership, composed of Claude [Wilson], Currie and Poston [appellants], was entitled to the earnings under the transaction. The earnings would consist of the rental paid ($12,425.80 less $585.80) *less the cost of operating the caterpillar, which is properly charge-*

*able to ownership,* and which was paid by Wallin and Gordon Wilson. Appellants, as surviving partners, are entitled to two thirds of such earnings. They should be given a credit against decedent's estate for such sum, because of decedent's violation of his fiduciary relationship. *Because of the condition of the ledger account of the partnership, we are unable to fully determine the costs mentioned above."* In re Wilson's Estate, 50 Wn. (2d) 840, 850, 851, 315 P. (2d) 287 (1957). (Italics ours.)

■ Thus, the *sole* fact to be determined upon our remand of the case was "the cost of operating the caterpillar, which is properly chargeable to ownership." The trial court could consider no other issue. *Harp v. American Surety Co.,* 50 Wn. (2d) 365, 368, 311 P. (2d) 988 (1957), and cases cited.

Upon the remand, the trial court found that the "caterpillar partnership" (a) had expended $2,200 as a "part of the cost of operating said caterpillar for Wilson Brothers Logging Co." and (b) had performed personal services of the reasonable value of $2,500 in maintenance of the caterpillar tractor, "which sum is a part of the cost of operating said caterpillar for Wilson Brothers Logging Co. and is properly chargeable to ownership." Two thirds of these sums was charged against appellants in determining the net value of the decedent's interest in the logging partnership, as directed by this court.

Appellants assign error (a) to the trial court's refusal to find greater gross earnings of the tractor, as disclosed by the income tax returns of the "caterpillar partnership," and (b) to the charge of $2,500 for maintenance of the tractor by the "caterpillar partnership," as outlined above.

■ It must be remembered that this is an accounting between partners and

"Our purpose is to place them in the position they would have occupied if the affairs of the partnership had been properly conducted." *In re Wilson's Estate, supra,* p. 850.

It is not an accounting between the "logging partnership" and the "caterpillar partnership."

■ We cannot consider appellants' first contention—that the earnings of the tractor were greater—for that question was resolved on the first appeal. As between the partners of the "logging partnership,"

"The earnings [of the tractor] would consist of the rental paid ($12,425.80 less $585.80) less the cost of operating the caterpillar, which is properly chargeable to ownership . . ." *In re Wilson's Estate, supra,* p. 850.

See *Buob v. Feenaughty Machinery Co.,* 4 Wn. (2d) 276, 281, 103 P. (2d) 325 (1940).

■ We find no merit in appellants' second contention—that $2,500 maintenance paid by the "caterpillar partnership" should not be considered in this "logging partnership" accounting—because to disregard it would

". . . place appellants [in relation to respondent] in a much better position than that to which they are entitled." *In re Wilson's Estate, supra,* p. 850.

Whether Wallin and Gordon Wilson (members of the "caterpillar partnership," who are not parties to this action) do or do not have a claim against anyone for their services is immaterial. The value of those services is essential, however, to determine the rights of appellants and respondent.

There is substantial evidence to support the court's findings of fact, which we directed it to make in the first appeal.

The judgment is affirmed.

HILL, DONWORTH, FOSTER, and HUNTER, JJ., concur.