[No. 39897.    Department One.    January 30, 1969.]

HARRY HEMPEL et al., Respondents, v. DELBERT IHRIG et al., Appellants.*

John R. Lewis, for appellants.

Paul A. Klasen, Jr., for respondents.

PER CURIAM.—Plaintiffs Hempel and Boyd instituted separate actions against defendants Ihrig, alleging damage to plaintiffs' crops as a result of defendants' trespassing cattle and hogs. The actions were consolidated, tried to the court and judgment was rendered for each plaintiff.

Plaintiff Hempel recovered the sum of $2,000 for damages sustained in the year 1965 and the sum of $1,000 for damages suffered in 1966. The latter figure was trebled under the authority of RCW 16.12.020.[1]

Plaintiff Boyd recovered $1,000 for the crop damage experienced in 1965 and $1 for the losses sustained in 1966.

Defendants' only assignments of error are as follows:

*Reported in 450 P.2d 179.

[1]RCW 16.12.020 provides:
"If any swine shall be suffered to run at large in any county of this state contrary to the provisions of RCW 16.12.010 through 16.12.080, and shall trespass upon the land of any person, the owner or person having possession of such swine shall be liable for all damages the owner or occupant of such land may sustain by reason of such trespass; and if the owner or person having possession of such swine shall knowingly or negligently permit the same to run at large contrary to the provisions of RCW 16.12.010 through 16.12.080, for a second or subsequent act of trespass by such swine, such owner or person shall be liable for treble the amount of damages done by the same, and such damages may be recovered in a civil action before any justice of the peace."

## I

The trial Court erred in granting judgment to either Respondent Hempel or Respondent Boyd on the basis that their testimony is in total conflict with the pictures and the statements of Appellants' witnesses, as to *Physical Facts*, produced as evidence at time of trial.

## II

The trial Court erred in awarding treble damages to Respondent Hempel, as there is no evidence that any hogs were out with the knowledge and consent of their owner.

The findings upon which those judgments are based are not challenged. Those findings are therefore the established facts of the case. Rule on Appeal 43, RCW vol. 0. *Also see Lewis v. Scott*, 54 Wn.2d 851, 341 P.2d 488 (1959); *Seattle v. Schaffer*, 71 Wn.2d 600, 430 P.2d 183 (1967); *State v. Mercy*, 55 Wn.2d 530, 348 P.2d 978 (1960); and *State v. Bell*, 59 Wn.2d 338, 368 P.2d 177 (1962).

Moreover, our examination of the record discloses substantial competent evidence supporting all findings of the trial court. The animals were constant trespassers during the years involved; defendants were frequently advised of the occurrences and yet declined remedial action; and plaintiffs' crops were damaged by the trespassings to an extent at least equal in amount to the judgments awarded.

We decline to disturb the findings of the trial court when those findings, as here, are supported by substantial competent evidence. *Kreger v. Hall,* 70 Wn.2d 1002, 425 P.2d 638 (1967).

The judgments being supported by the evidence, we affirm.