[No. 41217. En Banc. July 23, 1970.]

MARY FRANCES CALISTRO et al., Respondents, v. SPOKANE VALLEY IRRIGATION DISTRICT No. 10, Appellant.*

*Dellwo, Rudolf & Grant, Kermit M. Rudolf,* and *William J. Grant,* for appellant.

*Benjamin H. Kizer,* for respondents.

ROSELLINI, J.—This case has been before the court before. *Calistro v. Spokane Valley Irr. Dist. 10,* 70 Wn.2d 740, 425 P.2d 3 (1967). The events leading up to the controversy are summarized in that opinion and need not be repeated here. As we stated there, the plaintiffs, owners of small acreages within the defendant irrigation district, sought a judgment declaring the order of the board of directors of the defendant, which excluded the lands of the plaintiffs from further water service, to be null and void. This relief

*Reported in 472 P.2d 539.

had been denied by the trial court, which had also denied the injunction sought by the plaintiffs and had found as a fact that they had not been damaged, but had in fact been benefited, by the exclusion and would suffer no damage in the future.[1]

The fact that the plaintiffs had sought injunctive as well as declaratory relief was not mentioned in the opinion of this court, inasmuch as no error was assigned to the denial of this relief by the trial court or to the findings of fact supporting that denial. However, both in its brief and its petition for rehearing, the defendant drew the court's attention to the findings of fact made by the trial court that the plaintiffs had suffered no damage and would suffer none in the future. The plaintiffs insisted that these findings were irrelevant to its appeal, as indeed they were, the plaintiffs having assigned no error to the denial of an injunction.

Thus, being confronted only with a question of law concerning the propriety of the procedures followed by the defendant, this court confined its opinion to a review of that question, and without disturbing any of the trial court's findings of fact determined that the defendant had exceeded its statutory authority when it levied solely upon the excluded land an additional assessment representing the pro rata share of the bonded indebtedness of the district apportioned to the excluded land. It further determined that for this reason the conditional consent of the bondholder was ineffective and declared the exclusion proceeding invalid.

The judgment was reversed but the cause was not remanded for further proceedings, since all of the relief which the plaintiffs sought in this court was afforded by the declaratory judgment.

Shortly after the remittitur went down, the plaintiffs, joined by 15 other property owners, filed complaints for

---

[1]In accordance with an agreement confirmed by the superior court on October 10, 1963, the defendant district was dissolved in 1966 and thereafter it furnished water to no one. The plaintiffs have never questioned the defendant's right to dissolve and terminate its services entirely.

crop damages for the years 1964 (the year in which the action was initiated), 1965, and 1966 (the last year of the defendant's existence). These complaints were not filed in a new action but as supplementary proceedings in the original action. The trial court denied the defendant's motion to dismiss. It allowed the plaintiffs to present evidence of damage and found that each of them had been damaged to some extent, and gave judgment in the total amount of $11,412.

The appeal of the defendant is presented upon a number of grounds, only one of which we find it necessary to discuss. This is the contention that the findings of fact made by the trial court upon the first trial of the action have become the established facts of the case and preclude any claim for damages in this action.[2]

Rule on Appeal I-43, RCW vol. 0, provides, in part:

> In appeals from all actions at law or in equity tried to the court without a jury, the findings of fact made by the court will be accepted as the established facts in the case unless error is assigned thereto.

■ We have repeatedly reaffirmed that this rule is mandatory. Among the most recent cases so holding are *Weiss v. Weiss,* 75 Wn.2d 596, 452 P.2d 748 (1969), and *Hempel v. Ihrig,* 75 Wn.2d 253, 450 P.2d 179 (1969).

In harmony with this rule, we said in *State ex rel. Carriger v. Campbell Food Markets, Inc.,* 65 Wn.2d 600, 398 P.2d 1016 (1965), that any portion of a judgment not appealed from continues in effect, regardless of the reversal of other parts of the judgment.

The plaintiffs seek to avoid the effect of these rules by maintaining that the findings on the question of damages were immaterial and superfluous, since they did not ask

---

[2] The apparent reason the plaintiffs adopted the procedure of filing supplemental complaints rather than initiating a new action was that they failed to file their claims as required by RCW 87.03.440 which bars any action for crop damage unless the requirements of the statute are met. Their theory here is that no claim is necessary if damages are sought "incidental" to equitable relief. We make no comment on the validity of that theory, either as a general rule or as applied to the facts of this case.

for damages. While they did not ask for damages as such in their prayer for relief, they did allege that they would be damaged in specific amounts, if they were excluded from the district. The plaintiff Quinn alleged that he would suffer damages of at least $1,500 per annum, the plaintiff Smith alleged that he would suffer a total loss of approximately $500, and the plaintiff Calistro averred that she would be damaged in the amount of approximately $5,000 per annum.

Not only did the plaintiffs who were parties when the action was initiated allege damages but they were required to prove that they would be actually and substantially injured in order to secure the injunctive relief which they sought. *Nielson v. King County*, 72 Wn.2d 720, 435 P.2d 664 (1967).

The plaintiffs did place the fact of future damages in issue when they instituted the action; evidence was presented at the trial and the trial court made extensive findings, giving in detail the factual basis for its conclusion that an injunction should be denied, as well as supporting that conclusion with legal reasons. This court reversed the legal conclusion that the proceedings were valid but it did not purport to and did not in fact reverse the findings of fact. Those findings were not material to that portion of the judgment which was reversed, that is, the portion denying the declaratory judgment; but they were not only material but essential to that portion which was left untouched— the denial of injunctive relief.

The findings of the trial court upon the original trial of this action having become the established facts of this case, the original plaintiffs are bound thereby and their complaints should have been dismissed.[3] The 15 additional

---

[3]The judgment of this court upon the first appeal was as follows:

The judgment of the trial court is reversed, and the order and resolution of the Board of Directors, in which the plaintiffs' lands were excluded from Spokane Valley Irrigation District No. 10, is declared invalid.

There was no remand. This court has held that the trial court has no power to consider any issue except those for which the case is remanded. *In re Estate of Wilson,* 53 Wn.2d 762, 337 P.2d 56 (1959); *Monroe v.*

238

plaintiffs are before this court relying upon its judgment on the first appeal. Claiming as they do, privity with the original plaintiffs, they too are bound by that portion of the trial court's judgment which became final when no appeal was taken from it. If they are not in privity with the original plaintiffs, then they cannot lean upon the original complaints of those plaintiffs seeking equitable relief, and their claims are purely claims for crop damages, barred by their failure to comply with the requirements of RCW 87.03.440. In either case, they cannot maintain their suits.

The judgment is reversed and the supplemental complaints are dismissed.

ALL CONCUR.

*Winn,* 19 Wn.2d 462, 142 P.2d 1022 (1943); *State ex rel. Smith v. Superior Court,* 71 Wash. 354, 128 P. 648 (1912). This rule would also require the dismissal of the complaints. It was apparently overlooked by the defendants and not brought to the trial court's attention.