[No. 2182–2.   Division Two.   July 25, 1977.]

EUGENE SCRUGGS, JR., *as Guardian, Plaintiff,* v. JEFFERSON COUNTY, *Appellant,* PUGET SOUND POWER AND LIGHT COMPANY, *Respondent.*

*William P. Fite* and *Skeel, McKelvy, Henke, Evenson & Betts,* for appellant.

*Robert K. Waitt* and *Murray, Dunham & Waitt,* for respondent.

PEARSON, J.—Jefferson County appeals from the dismissal of its cross claim against Puget Sound Power and Light Company and denial of its motion for judgment notwithstanding the court's memorandum opinion. The appeal essentially involves application of a contract clause to determine whether the County is entitled to indemnification from Puget Power for the sum the County paid to settle a personal injury claim. We affirm.

On July 5, 1971, Keith Scruggs was seriously and permanently injured when a car in which he was riding failed to negotiate a curve on Old Shine Road in Jefferson County. The car struck a utility pole owned and maintained by Puget Power under a franchise agreement with the County. Scruggs sued the County and Puget Power, alleging negligence. The County paid $150,000, which all parties agree

was reasonable under the circumstances, in settlement of the claim.

The County cross claimed against Puget Power, seeking to invoke the indemnity provisions of a franchise agreement which provides that Puget Power is granted:

> the right, privilege, authority and franchise . . . to construct, erect, alter, improve, renew, repair, operate and maintain an electric transmission and distribution line, consisting of a single line of poles, . . . and to transmit and distribute thereover electric current . . . along and across the public roads and highways, . . .

The agreement also provides:

> Said grantee agrees to hold the County of Jefferson harmless and free of all costs and expense by reason of accidents experienced or *caused by the construction or operation of said transmission lines.* And said grantee agrees to hold the said County of Jefferson harmless and free of all costs and expense or damages of any kind whatsoever, experienced or *caused by reason of the exercise by grantee of any of the rights herein granted.*

(Italics ours.)

■ The trial court found that Keith Scruggs' loss was caused solely by the negligence of the car's driver and by the County's failure to post a speed sign at the curve, and that Puget Power's pole contributed in no way to the accident. These findings are supported by the record and are unchallenged on appeal, and we must accept them as established facts. *Hempel v. Ihrig,* 75 Wn.2d 253, 450 P.2d 179 (1969). The County, in fact, accepts that Puget Power was not negligent in the placement or maintenance of the utility pole. The pole was located more than 16 feet from the center line of the road as required by the franchise. Moreover, it was placed in a location designated by the State Department of Highways.

The uncontradicted testimony of the County's expert witness, Dr. Peter Fisher, was that Keith Scruggs' injuries were caused by the car's sudden deceleration as it struck the pole. Although the trial court recognized this causative factor in its memorandum opinion, it refused to enter the

County's proposed finding of fact to that effect. The County assigns error to this refusal, as well as to certain of the court's findings that should, it is argued, have been categorized as conclusions of law. The County's argument is that its proposed finding that the injuries were caused by the presence of the pole, together with the fact the pole was placed and maintained by Puget Power on condition the power company would hold the County harmless under the indemnity clause, means that a reasonable settlement of Scruggs' claim should occasion indemnification by Puget Power.

We note initially that the County's proposed finding of fact is not set forth verbatim in the brief as required by CAROA 43 (see also RAP 10.4(c)), and we need not consider this assignment of error. *Mayo v. Jones*, 8 Wn. App. 140, 505 P.2d 157 (1972). Nevertheless, we will briefly discuss this issue.

We believe that Dr. Fisher's testimony and the proposed finding of fact are beside the point of the franchise indemnity clause. In a decision whether to impose the indemnity clause the issue is not the direct cause–in–fact of the injuries; rather, it is whether the placement or maintenance of the pole in its location can be said to have been a proximate cause of the accident so that Puget Power must hold Jefferson County harmless for its own negligence.

The focus of the appeal is the County's contention that Puget Power is liable under the indemnity clause. Indemnity provisions are subject to fundamental rules of contract construction and are to be construed to carry out the intent of the parties. *Northern Pac. Ry. v. Sunnyside Valley Irrigation Dist.*, 85 Wn.2d 920, 540 P.2d 1387 (1975). Indemnity provisions which purport to exculpate an indemnitee from liability for losses flowing solely from his own acts or omissions are not favored and must be clearly drawn and strictly construed. Any doubts will be resolved in favor of the indemnitor. Such clauses are to be viewed realistically, recognizing the intent of the parties to apportion the risk of loss or damages arising from performance of

the contract. *Jones v. Strom Constr. Co.,* 84 Wn.2d 518, 527 P.2d 1115 (1974).

■ The clause in question does not explicitly require Puget Power to indemnify the County for losses due to the County's negligence. The franchise basically enables Puget Power to construct and operate a line of power poles. Under the indemnity clause, Puget Power is to indemnify Jefferson County for costs and expenses "by reason of accidents experienced or caused by the construction or operation of said transmission lines," or "caused by reason of the exercise by grantee of any of the rights" granted in the franchise. We agree with the trial court that the accident that produced Keith Scruggs' injuries was not caused by the mere presence of the pole in a place specified by the franchise agreement. At most, the pole was merely a passive, nonculpable cause–in–fact of the injuries. It was a condition and not a cause of the accident. Consequently, the pole was only indirectly related to the County's loss and was not the type of loss the parties intended to cover in the indemnity clause. At least resolving doubts in favor of the indemnitor, the clause is directed at accidents caused by Puget Power's construction or operation of the power line. Furthermore, it is not realistic in this type of franchise agreement to assume that the parties intended to cast Puget Power into the role of an absolute insurer of the County's acts and omissions. The recent case of *Dirk v. Amerco Marketing Co.,* 88 Wn.2d 607, 565 P.2d 90 (1977), reaffirms the rule that an indemnity contract will not be construed to indemnify the indemnitee against losses resulting to him through his own negligent acts where such intention is not expressed in unequivocal terms.

Jefferson County's cross claim was properly dismissed and the motion denied.

245

Affirmed.

PETRIE, C.J., and REED, J., concur.