[Nos. 55228-2, 55416-1. En Banc. March 2, 1989.]

*In the Matter of the Welfare of* J.D., ET AL.

PIERCE COUNTY, *Petitioner,* v. THE STATE OF WASHINGTON, *Respondent.*

*In the Matter of* L.F.E., ET AL.

WHATCOM COUNTY, *Respondent,* v. THE STATE OF WASHINGTON, *Appellant.*

*John W. Ladenburg, Prosecuting Attorney for Pierce County,* and *Robert P. Dick, Deputy; David S. McEachran, Prosecuting Attorney for Whatcom County,* and *Robert Carmichael, Deputy,* for plaintiffs.

*Kenneth O. Eikenberry, Attorney General,* and *Deborah L. Mull, Assistant,* for defendant.

DOLLIVER, J.—These consolidated cases concern whether the State or the counties are responsible for the costs of appointed counsel and guardian ad litem services in juvenile actions brought under RCW 13.34.

## PIERCE COUNTY ACTION

On October 28, 1986, Pierce County Executive Joe Stortini requested the Department of Social and Health Services (DSHS) to help fund the costs of legal representation of indigent parents in juvenile dependency actions. The Secretary of DSHS responded that DSHS was not authorized by the Legislature to pay for the requested costs.

On September 8, 1987, Stortini and other Pierce County officials sent a letter to Pierce County Superior Court indicating the County's intention to discontinue payment for representation of indigent parents in juvenile dependency proceedings by January 1, 1988. On November 24, 1987, the Pierce County Council, declaring a fiscal crisis, amended ordinance 85–77S to remove responsibility from the Department of Assigned Counsel (DAC) for representing indigent parents in dependency proceedings. Pierce County Ordinance 87–209. Prior to this amendment, Pierce County Ordinance 85–77S provided the County, through DAC, was responsible for the costs of legal representation of indigent parents in proceedings brought under RCW 13.34. In addition to amending ordinance 85–77S, the council expressly removed appropriations for counsel in juvenile dependency proceedings and prohibited use of other funds for that purpose in the 1988 budget by enacting ordinance 87–172.

The issue first arose in the case of In re J.D., Pierce County cause 202322. On January 4, 1988, the Superior Court Commissioner ordered DAC to represent the indigent parents but held the State responsible for the costs of the representation. Similar orders were eventually entered in over 200 cases. After the initial court orders appointing DAC to represent indigent parents at State expense, the Pierce County Council enacted ordinance 88–3 which appropriated funds for counsel in such cases subject to

reimbursement by the State. The State moved for revision of these orders, and the cases were consolidated for review. On April 28, 1988, the Pierce County Superior Court granted the motion for revision and held the County responsible for the costs. Similar orders were entered in four additional motions for revision.

Pierce County filed a motion in this court for discretionary review of the trial court orders.

WHATCOM COUNTY ACTION

On January 21, 1988, the Whatcom County Council enacted an ordinance prohibiting the Whatcom County Public Defender from representing children or parents in dependency proceedings without a prior agreement for reimbursement by the State. The council also discontinued funding of guardian ad litem services for children in dependency proceedings. The effective date of the ordinance was February 1, 1988.

On February 8, 1988, the Whatcom County Court Commissioner sua sponte ordered the State and Whatcom County to show cause why either entity should not be required to pay the costs of counsel for indigent parents and guardians ad litem in three dependency proceedings filed with the court. On February 24, the court held Whatcom County Ordinance 88–7 was valid and ruled the State must pay reasonable compensation to counsel of indigent parents and guardians ad litem appointed in the three cases. The court's ruling was adopted in eight other dependency cases. The cases were consolidated under In re L.F.E., Whatcom County cause 88–7–00005–5.

The State appealed the orders to Division One of the Court of Appeals. The Supreme Court Commissioner transferred the appeal to this court, treated Pierce County's motion for discretionary review as an appeal, and consolidated the appeals.

The sole issue raised by both cases is which public entity is responsible for the costs of appointed counsel and guardians ad litem in juvenile actions brought under RCW 13.34.

Indigent parents have a constitutional right to appointed counsel in juvenile dependency and termination proceedings. *In re Myricks,* 85 Wn.2d 252, 533 P.2d 841 (1975); *In re Luscier,* 84 Wn.2d 135, 524 P.2d 906 (1974). This right was codified by the Legislature, effective July 1, 1978, in RCW 13.34.090. Laws of 1977, 1st Ex. Sess., ch. 291, § 37, p. 1017. In addition, RCW 13.34.100 gave the superior courts the statutory authority to appoint counsel or a guardian ad litem. Juvenile Court Rule 9.2(b) provides that the court shall provide a lawyer "at public expense in a dependency or termination proceeding . . ." under circumstances set forth in the rule. Neither RCW Title 13 nor the court rule specifies which public entity is intended to pay for the costs of appointed counsel.

We agree with the respondent counties that when particular statutory language is plain and unambiguous there is no room for administrative interpretation to guide a determination of legislative intent. *See King Cy. v. Taxpayers,* 104 Wn.2d 1, 5, 700 P.2d 1143 (1985); *Vita Food Prods., Inc. v. State,* 91 Wn.2d 132, 134, 587 P.2d 535 (1978); *Jepson v. Department of Labor & Indus.,* 89 Wn.2d 394, 400, 573 P.2d 10 (1977); *Fecht v. Department of Social & Health Servs.,* 86 Wn.2d 109, 111, 542 P.2d 780 (1975). This court does not have the power to add words to existing unambiguous statutory language even if we believe the Legislature intended something else. *Vita Food Prods.,* at 134. However, this is not a case where specific language of the statute is plain and unambiguous as to which public entity should bear the costs of appointed counsel and guardians ad litem in juvenile dependency proceedings. *See Vita Food Prods.,* at 133–34. Nor is this a case where the lack of a statutory provision clearly indicates the intention of the Legislature. *See State ex rel. Thigpen v. Kent,* 64 Wn.2d 823, 826–27, 394 P.2d 686 (1964); *Department of Labor & Indus. v. Cook,* 44 Wn.2d 671, 677–78, 269 P.2d 962 (1954).

Here, there is no specific statutory language indicating which public entity is responsible for these costs, and

the legislative silence does not unambiguously resolve the question. Although it may be unusual to interpret legislative intent without specific language, the textual silence of the statute creates an ambiguity as to whether the Legislature intended the counties or the State to fund these services. Thus, to resolve this ambiguity, we employ the rules of construction applicable in determining legislative intent. In doing so, the court may look to the contemporaneous and continuing interpretation given the statute by the officials charged with its administration, especially when the Legislature has acquiesced in this interpretation over a long period of time. *See Newschwander v. Board of Trustees,* 94 Wn.2d 701, 711, 620 P.2d 88 (1980); *White v. State,* 49 Wn.2d 716, 725, 306 P.2d 230, *appeal dismissed,* 355 U.S. 10 (1957). In addition, the historical context in which the 1977 legislative revision occurred is helpful in interpreting the ambiguity created by the lack of a specific statutory provision. *See Department of Transp. v. State Employees' Ins. Bd.,* 97 Wn.2d 454, 459, 645 P.2d 1076 (1982).

Prior to 1978, dependency proceedings were encompassed in large part within former RCW 13.04 and were almost entirely supported by county resources. Court appointed probation counselors were largely responsible for handling these proceedings, including representing the interests of the juveniles. *See* former RCW 13.04.040. The salaries and expenses of these counselors were paid by the county. Former RCW 13.04.040; RCW 13.04.050. Before the constitutional right to appointed counsel for indigent parents in dependency and termination proceedings was codified, the counties paid for these mandated services.

In 1977, effective July 1, 1978, the Legislature revised the juvenile justice and care system. Laws of 1977, 1st Ex. Sess., ch. 291. The superior courts were charged with administering the juvenile courts which were responsible for appointing counsel and guardians ad litem in juvenile dependency and termination proceedings. RCW 13.04.035; 13.34.090, .100. Under the revision, the Legislature delegated some of the duties previously performed by the

county probation counselors to DSHS when the petition for dependency or termination was filed by that agency. *See* RCW 13.04.040(4); 13.34.060(5). However, the Legislature did not alter the county funding of appointed counsel for indigent parents, rather the Legislature allowed such payment by the counties to continue under the revision. The Legislature also did not alter the county funding of persons appointed to represent the interests of the juveniles in dependency proceedings, whether they be probation counselors under former RCW 13.04.040 or guardians ad litem under RCW 13.34.100.

After the 1977 legislative revision and prior to 1987, the courts of both counties appointed counsel and guardians ad litem at county expense and both counties continued to appropriate funds and pay for these services. In 1979, the Legislature amended RCW 13.34.090 and RCW 13.34.100 but did not repudiate the existing county funding of these services. Laws of 1979, ch. 155, §§ 42, 43, p. 823. In addition, Pierce County enacted ordinance 85–77S which placed the responsibility on DAC for representing indigent parents in juvenile dependency actions.

Then in 1987, 10 years after the legislative revision, Pierce County indicated its intention to discontinue funding these services by passing ordinances abrogating the responsibility. *See* Pierce County Ordinances 87–209; 87–172. Whatcom County followed this lead in 1988. *See* Whatcom County Ordinance 88–7. Prior to this time, the counties funded these services, and in the more than 10 years following the revision, the Legislature has not acted to alter the county funding of either of these services.

The past practice of the courts in appointing counsel and guardians ad litem at county expense, the counties' appropriation of funds and payment for these services, and the prior acceptance of the responsibility of DAC to represent indigent parents under Pierce County Ordinance 85–77S indicate the courts and the counties have interpreted the statute to require the counties to bear the costs of these programs. In addition, the fact that the 1979 legislative

amendment of RCW 13.34.090 and RCW 13.34.100 did not repudiate the interpretation given the statute by the courts and the counties is entitled to great weight. *See Department of Transp. v. State Employees' Ins. Bd., supra* at 462. The lack of appropriations by the Legislature is also indicative of a legislative intention that the counties fund these services. *Prante v. Kent Sch. Dist. 415,* 27 Wn. App. 375, 382, 618 P.2d 521 (1980). Thus, it would appear the Legislature intended the counties to continue to fund that which they had funded in the past.

We are not unmindful of the fiscal burden occasioned by the costs of these services. Any change in the allocation of these costs, however, can and should be sought through the Legislature, not the courts, an option the counties heretofore have not attempted. The counties may also seek reimbursement from the State under RCW 43.135 if the counties can show "increased levels of service" in these programs. RCW 43.135.060(1).

The Pierce County Superior Court orders ruling the County responsible for the costs of appointed counsel for indigent parents in juvenile proceedings is affirmed. The Whatcom County Superior Court orders ruling the State responsible for the costs of appointed counsel and guardians ad litem in juvenile actions is reversed.

CALLOW, C.J., and UTTER, BRACHTENBACH, DORE, PEARSON, ANDERSEN, DURHAM, and SMITH, JJ., concur.